GiEEEn, J.
In the case of The Chicago Cottage Organ Company v. Bertie A. Biggs and others, first to be considered is a motion to strike the bill of exceptions from the files. The courf passed upon this in the fall of 1899, anc* counsel have requested that ft again be considered.
The difficulty arose from a dispute between counsel as to *395 what the bill should be. The bill was prepared and presented to opposing counsel in due time. That bill was lost, and then a copy was substituted, and counsel to whom the bill was submitted prepared a bill himself, and that it was afterwards agreed should be the bill of exceptions, and it was so signed and so found by the court.
Now there are affidavits on file contradicting this statement, or rather, as against the finding of the court, but there is no bill of exceptions embodying the evidence in these affidavits, so this court can do nothing but approve the finding of the court below.
The court below found that the bill was presented in due time and that the bill of exceptions if it was substituted was substituted as a copy and suggested by counsel for Mrs. Biggs-. That is the very purpose of submitting a bill of exceptions to opposing counsel, in order that a correction may be made if necessary, and according to the finding of the court below it was made in this case. We have no evidence before us to change that finding. We therefore adhere to the former ruling of the court on the motion to strike the bill of exceptions from he files.
The judgment below was against the organ company, and they prosecute error, and assign error of the court in over- . ruling the motion upon the termination of defendant's testimony to render a judgment in favor of the plaintiff.
The defendant has filed a cross-petition, and the court below had held that the defendant had the opening and close; and at the close of the testimony offered by defendant in support of that cross-petition, this motion was made. The motion was overruled, and it is claimed that that was error.
The allegations of the petition are that the organ had been sold and a mortgage given back to the organ company. The answer of Mrs. Biggs does not deny this, but admits that there was a mortgage given, and her testimony sustains that allegation.
She avers in her cross-petition that it was one transaction, all done at one and the same time. . So far as we are able to discover that is the only allegationtending to show that it ■was not a mortgage, but a conditional sale.
In our judgment it does not even tend to establish that fact. *396 Most mortgages are given at the time of the transaction; .in. fact, all mortgages for purchase money are given at the time of the transaction in order that the party making the sale may be secured as the mortgage is given for that purpose.
Stephens & Lincoln, for Plaintiff in Error.
Walter M. Locke, for Defendant in Error.
Counsel rely upon the case of Singer Mfg. Co. v. Caldwell, 7 O. C. C., in which the court held that a paper signed, similar to this one, was a conditional sale although perhaps it was. denominated a mortgage. But in that case the petition distinctly avers that the title was to remain in the vendor. Now there is a total absence in this petition of any averment of that kind.
It was argued to us orally that it was a makeshift, á device-to take what purported on its face to be a mortgage when in fact it was a conditional sale.
It is in many respects in the ordinary form of a chattel mortgage and states that the transfer shall be void in the event' that the payments are not made.
We think that the case of the Singer Mfg. Co. v. Caldwell, cannot be applied to this case because there the pleadings distinctly say, and the issue was raised as to whether or not it was a conditional sale, whether or not the title remained in the vendor after the sale; and that is the provision of the statute, section 4155-2, that a conditional sale where the title remains-in the vendor shall require before the property be taken from the vendee certain payments to be made by the vendor, and that it in no sense prevents the taking of a chattel mortgage.
So that not only with reference to the weight of the testimony, but in this case there is a total absence of any averment that would bring it within the provisions of this statute concerning conditional sales, and therefore the judgment below must be reversed.